IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LORI MITCHELL, as Guardian )
for Juvenile Claimant )
 )
v. ) NO. 3-14-1108
 ) JUDGE SHARP
NANCY BERRYHILL,[1] ACTING )
COMMISSIONER OF SOCIAL )
SECURITY )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 17). For the reasons stated herein, Plaintiff's Motion is DENIED.

INTRODUCTION

This is a civil action for judicial review of the Social Security Administration's denial of benefits to the Juvenile Claimant ("Claimant"), represented in this action by his grandmother, Lori Mitchell. On February 24, 2011, Plaintiff filed an application for supplemental security income on behalf of Claimant alleging that the onset date for Claimant's disability was January 1, 2007. The Social Security Administration ("SSA") denied the application, and Plaintiff filed a written request for a hearing. An Administrative Law Judge ("ALJ") held a hearing on November 5, 2012, at which Claimant and his grandmother testified. In a report dated December 14, 2012, the ALJ found that Claimant was not disabled under the Social Security Act. Administrative Record ("AR"), found at Docket No. 15 p. 26.[2]

---

[1] Nancy Berryhill became acting Commissioner for the Social Security Administration on January 23, 2017.

[2] The Court cites the AR by the page numbers which are stamped in the bottom right corner of the document.

# ADMINISTRATIVE HEARING

At the hearing, Claimant testified that he was in fifth grade and that he was doing "good" in school. AR, p. 35. He stated that he liked his teachers "kind of" and that he was making good grades. *Id*. Claimant testified that he was "kind of" able to read and that he read stories by himself. *Id*. He testified that he lived with his grandmother and with his mom and dad. AR, p. 36.

Ms. Mitchell, Claimant's grandmother, testified that she has raised or is raising all nine children of Claimant's mother. AR, p. 38. She stated that Claimant had tried to set their house on fire twice; would cut other kids' papers and their clothes; had to be monitored going to the bathroom; was "wetting" on people; and told her that sometimes a "voice" comes to him. AR, p.37. She stated that Claimant was on about four or five different medicines and in special education at school. *Id*.

Ms. Mitchell testified that Claimant is always talking about killing himself or hurting one of his siblings when he gets mad. AR, p. 39. Ms. Mitchell stated that Claimant does not really care for playing with kids; he likes to be by himself. *Id*. Claimant rides the Special Education bus to and from school because of his misbehavior on the regular bus. *Id*. She testified that she has to walk Claimant to and from the bus stop because, if she does not, he will run around and get lost. AR, p. 40.

Ms. Mitchell also testified that she had received calls from Claimant's school about his misbehavior and that Claimant has struggled with his work and receives extra help at school through an Individualized Education Plan ("IEP"). AR, pp. 40-41. She stated that when he has his medicine, Claimant is calm; but if he does not get his medicine, the teachers see a difference in the way he acts

at school. AR, p. 41. She testified that they were going to change Claimant's medications again soon because they were not working. AR, pp. 41-42.

THE THREE-STEP INQUIRY

Defendant uses a three-step process to determine if a child applicant is disabled and entitled to benefits: (1) if the child is engaged in substantial gainful activity, the child is not disabled; (2) if the child does not have a severe medically determinable impairment or combination of impairments, the child is not disabled; and (3) if the child's impairment(s) do not meet, medically equal, or functionally equal the listings, the child is not disabled. 20 C.F.R. § 416.924.

At the third step, an impairment functionally equals a listing if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The regulations identify six domains of functioning to be considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A claimant has a "marked" limitation if the claimant's impairments seriously interfere with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(2)(i). A "marked" limitation is more severe than "moderate" and less severe than "extreme." 20 C.F.R. § 416.926(e)(2)(i). An impairment causes an "extreme" limitation when it interferes very seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(3)(i). In determining the effect of an impairment on the six

3

domains, the Commissioner considers information from medical sources, parents and teachers, and consultative examiners. 20 C.F.R. § 416.926a(b)(3).

ADMINISTRATIVE DECISION

The ALJ in this case made the following findings:

1. The claimant was born on August 7, 2002. Therefore, he was a school-aged child on February 24, 1011, the date his application was protectively filed, and is currently a school-aged child.

2. The claimant has not engaged in substantial gainful activity since February 24, 2011.

3. The claimant has the following severe impairment: attention-deficit hyperactivity disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.

6. The claimant has not been disabled, as defined in the Social Security Act, since February 24, 2011, the date the application was protectively filed.

AR, pp. 15-26.

PLAINTIFF'S STATEMENT OF ERRORS

Plaintiff contends that the ALJ erred in two ways:

(1) Claimant's impairments meet Listing 112.11, which is the Commissioner's Listing for Attention Deficit/Hyperactivity Disorder, and the ALJ abused her discretion[3] by failing to evaluate whether Claimant meets this Listing.

(2) Claimant's impairments meet the functional equivalence of a listing. The ALJ abused her discretion by ignoring and mischaracterizing the evidence that Claimant's impairments meet the functional equivalence of a listing.

STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the ALJ and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's decision, the Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Fitzpatrick v. Comm'r of Soc. Sec.*, 2016 WL 733 4842 at * 1 (W.D. Mich. Dec. 19, 2016). This standard affords to the administrative decision-maker considerable latitude and indicates that a decision supported by

---

[3] Plaintiff uses the wrong standard, "abuse of discretion," in characterizing the errors she claims. The standard, as explained below, is whether the decision is supported by substantial evidence and whether the correct legal standards were applied.

substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Id*.

The Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The Court has the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g).

## RELEVANT TIME PERIOD

As indicated, Claimant filed the application at issue herein on February 24, 2011. The ALJ correctly considered only the period of time from February 24, 2011 forward. Claimant had previously filed an application for benefits in 2008, and that application was denied. That application was not reopened, and any decision by the Commissioner not to reopen a prior decision is not reviewable by this Court absent a colorable constitutional claim. *McQueary v.* Colvin, 2017 WL 63034 at * 5 (W.D. Ky Jan. 5, 2017) (citing *Bogel v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). Plaintiff does not raise a constitutional claim in this case. Therefore, the relevant evidence for this matter is that evidence from February 24, 2011 forward.

## ANALYSIS

Plaintiff first argues that the ALJ failed to provide an explanation and legal basis for her determination that Claimant does not meet or medically equal a listing.

This Court has held, however, that an ALJ's explanation of her step three determination need not be elaborate. "The Sixth Circuit has consistently rejected a heightened articulation standard, noting in *Bledsoe v. Barnhart* that the ALJ is under no obligation to spell out 'every consideration that went into the step three determination' or 'the weight he gave each factor in his step three

analysis,' or to discuss every single impairment." *Staggs v. Astrue*, 2011 WL 3444014 at * 3 (M.D. Tenn. Aug. 8, 2011) (citing *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411 (6th Cir. 2006)).[4]

The ALJ found that Claimant has the severe impairment of attention-deficit hyperactivity disorder, but with regard to the first part of step three, the ALJ stated:

> The claimant's impairments have been reviewed under the appropriate sections of the Listing of Impairments and it is concluded his impairment does not meet or equal the level of severity set forth in the Listing of Impairments. Moreover, no testing, examining, or other medical source has opined the claimant has an impairment(s) or combination of impairments that meets or equals the severity of a listed impairment.

AR, p. 15.

The ALJ specifically noted the absence of medical testing, examination or another medical source that has opined that Claimant has an impairment that meets or equals the severity of a listed impairment. In arguing that Claimant meets the A criterion for Listing 112.11 (marked inattention, marked impulsiveness, and marked hyperactivity), Plaintiff cites to school and educational records, not medical records.

Plaintiff cites several specific Mental Health Cooperative records to show that Claimant had serious issues with attention, impulsiveness and hyperactivity. There are at least an equal number of Mental Health Cooperative records, however, which indicate that Claimant is doing well, at least doing better, and is calm and cooperative. *See, e.g.,* AR, pp. 1755, 1757, 1760-61, 1767 and 1779-81.

Plaintiff argues that Claimant fits the Listing at 112.11, which provides as follows:

---

[4] Although the Social Security regulations do require that the ALJ provide good reasons for the weight given to a treating physician's opinion, 20 C.F.R. § 404.1527, there is no such requirement with regard to step three of the juvenile analysis. The cases Plaintiff cites involve treating physicians (*D'Angelo*), The Longshore and Harbor Workers' Compensation Act, not the Social Security Act (*Morehead Marine Services*), and the National Labor Relations Act, not the Social Security Act (*Hyatt Corporation*). *See* Docket No. 18, p. 7.

> 112.11 Neurodevelopmental disorders for children age 3 to attainment of age 18, satisfied by A and B:
>
> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
>
>> 1. One or both of the following:
>>
>>> a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or
>>>
>>> b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").
>>
>> 2. Significant difficulties learning and using academic skills; or
>>
>> 3. Recurrent motor movement or vocalization.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>> 1. Understand, remember, or apply information.
>>
>> 2. Interact with others.
>>
>> 3. Concentrate, persist, or maintain pace.
>>
>> 4. Adapt or manage oneself.

20 C.F.R. 404, Subpart P, Appendix 1, Section 112.11.

The A part of this Listing requires "medical documentation." Plaintiff has not carried her burden of pointing the Court to such medical documentation. The Court finds that the ALJ did not err in finding that, without testing, examining, or other medical source evidence, Claimant does not meet the first part of step three.

With regard to the second part of step three, whether Claimant has an impairment or combination of impairments that functionally equals the listings, the ALJ stated that she reviewed

8

all the relevant evidence, including objective medical evidence and other relevant evidence from medical sources, information from school teachers, family members or friends, and Claimant's own statements. AR, p. 15. In determining this issue, the ALJ is required to assess Claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about an manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal the listings, Claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

The ALJ found that the statements in the record concerning the intensity, persistence and limiting effects of Claimant's symptoms were not credible to indicate marked or extreme limitations. Before reaching that conclusion, the ALJ summarized the evidence from Claimant and his grandmother, four teachers, a speech and language specialist, two educational specialists, the Mental Health Cooperative, and five state agency psychological consultants. AR, pp. 17-21. The ALJ stated: "The evidence is clear that the claimant had a good response to medications when taken as prescribed and considerable improvement and progress with mental health treatment as well as improvement academically." AR, p. 21.

As noted above, the Court may not resolve conflicts in evidence or decide questions of credibility. Plaintiff argues again that the ALJ did not provide clear reasons for her various determinations. But, as indicated above, the ALJ does not have to spell out every consideration that went into the step three determination or the weight she gave each factor.

The ALJ may consider the effects of medications on Claimant's functioning. 20 C.F.R. § 416.924a(b)(9)(i); *Smith v. Comm'r of Soc. Sec.*, 584 Fed. Appx. 758, 762-63 (6th Cir. 2014). In this case, the ALJ found that Claimant had a good response to medications when taken as prescribed.

There is substantial evidence in the record to support this finding. For example, Claimant's grandmother testified that Claimant was calm with medications and teachers could tell a difference when he forgot to take his medicine. AR, p. 41. Moreover, his teachers reported that his focus and behavior improved with medications and they could tell when he was not on medication. *See, e.g.,* AR, pp. 1539, 1544, 1789. He showed improvement academically. *See, e.g.,* AR, pp. 1644, 1646, 1751-54 and 1767. And his behavior showed improvement as well. *See, e.g.,* AR, pp. 1750-54 and 1767.

There is substantial evidence in the record to support the ALJ's decision, even though there is evidence to the contrary as well. If substantial evidence supports the ALJ's decision, the Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Therefore, the Court finds that the ALJ did not err in finding that Claimant does not meet the second part of step three.

## CONCLUSION

For all these reasons, the Court finds that the ALJ applied the correct legal standards and there is substantial evidence in the record to support the ALJ's decision. Plaintiff's Motion for Judgment on the Administrative Record will be denied, and the decision of the SSA will be affirmed. An appropriate Order will enter.

IT IS SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE